[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Angela Orlando asserts in her motion for appeal from probate that she is aggrieved by the order and decree CT Page 13025 of the Probate Court for the District of Meriden which denied her application to terminate the parental rights of Gary Charette in the minor child, Heather Charette.
The appeal was returned to court on April 12, 1993. Appellee Charette filed a pro se appearance on June 24, 1994. Appellant Angela Orlando submitted her Reasons of Appeal on June 23, 1994, certifying service to Mr. Charette of June 22, 1994. The matter was claimed for the civil trial list on June 23, 1994. On or about March 29, 1995, the defendant was defaulted for failure to appear at the call of cases.
The matter was set for a hearing on April 26, 1995. The court has jurisdiction to hear this matter de novo pursuant to § 45a-186 of the general statutes. The petitioner appeared before the court on that date and offered testimony; the defendant failed to appear. The court requested a report from the Department of Children and Youth Services and continued the matter until it was available as evidence. Mr. Charette did not appear at the hearing although he received notice. The matter was reclaimed by petitioner, and the court reassigned the matter for trial on November 7, 1997. Notice of the hearing date was sent by the Judicial Information System but Mr. Charette failed to appear. At the reconvened hearing, the petitioner again testified; and a report from the Department of Children and Youth Services, dated October 29, 1992, was submitted to the court. The author of this report, Lisa Flower, appeared and testified confirming her evaluation and recommendation, which is as follows:
EVALUATION AND RECOMMENDATION:
 It is the recommendation of the Department of Children and Youth Services that the parental rights of Gary Charette be terminated.
 This recommendation is felt to be in the child's best interests due to the following:
 1. Heather Charette has been abandoned by the father in the sense that the father failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child.
2. Heather Charette has been denied by reasons of commission CT Page 13026 or omission by the father, the care, guidance, or control necessary for her physical, educational, moral, or emotional well-being.
 3. There is no ongoing parent-child relationship with respect to the father which is defined as the relationship that ordinarily develops as a result of a parent having met on a continuing, day to day basis, the physical, emotional, moral, and educational needs of the child and to allow further time for the establishment or re-establishment of the parent child relationship would be detrimental to the best interests of the child.
The petitioner also offered certified copies of the record of Mr. Charette involving pleas of guilty on June 29, 1990, to alcohol related offenses committed on or about June 3, 1990; pleas of guilty on September 25, 1990, to operating under the influence on September 7, 1990: pleas of guilt on October 27, 1992, to driving while under the influence on April 24, 1992.
The court makes the following findings based upon the clear and convincing evidence offered at the hearing:
The Appellant, Angela Orlando, is the mother of Heather Charette, a minor child born on February 22, 1985.
The Appellee, Gary Charette, is the father of said minor child.
In May of 1992, the Appellant mother filed with the Meriden Probate Court an Application to terminate the Parental Rights of the father Gary Charette with respect to the minor child, Heather Charette.
On January 29, 1993, the Probate Court denied the Appellant's Application and the Appellant filed this Appeal. The Appellant is aggrieved by this decision.
The Appellant and Appellee were living together when the Appellant became pregnant with Heather Charette.
Due to the Appellee's frequent states of intoxication and late nights out with his friends, the Appellant asked the Appellee to leave the couple's residence in 1986 and the Appellee did so. CT Page 13027
In June of 1986, the Appellant petitioned the Superior Court for an order of child support. At the hearing on said petition, the Appellee testified that he was not sure whether he was the father of Heather and the petition was continued pending a paternity proceeding. Due to a brief reconciliation in 1987, no further action was taken on the support or paternity proceedings.
From the time the Appellee left the couple's residence in 1986, he made no serious effort to visit with the minor child.
In the middle of 1987, the Appellee visited with the minor child every other week for approximately four months. However, the Appellee drank beer while driving with Heather, causing Heather to fear the Appellee and causing the Appellant to insist that all further visitation take place at the Appellant's home. Because the Appellee arrived for his visits in an intoxicated state, the Appellant and the Appellee argued in the presence of Heather. Due to his states of intoxication, Heather grew to further fear the Appellee, had nightmares concerning the Appellee and expressed her desire not to see or have contact with the Appellee.
Since 1987, the Appellee has rarely seen the minor child. He saw the child briefly in January of 1990 and in April, 1992.
Since the probate court hearing in 1992, the Appellee has never visited Heather or called her or made simple gestures such as sending her a card, letter or gift.
The Appellee has never supported the child except for one child support payment in the amount of $150.00 made in 1989.
Pursuant to C.G.S. Sec. 45a-717 (e), a report by the Department of Children and Youth Services was entered into evidence. The Appellant also presented the testimony of Lisa Flower, the social worker who prepared the report for the Department of Children and Youth Services.
In both her report and her testimony, Ms. Flower stated that her investigation led her to the opinion that the Appellee's parental rights should be terminated.
The report notes that the Appellant's concerns about the Appellee's alcohol abuse were substantiated by court documents. CT Page 13028
That the Appellee has never petitioned a Family Court to order visitation nor has he attempted to support the child.
That the minor child has a very close relationship with her mother and is an exceptional student. The Appellant, a single mother, has made many sacrifices for the minor child, including paying tuition for private school and volunteering at the private school to defray the cost of tuition when she could not afford to pay the full tuition. The Appellant mother has been and is currently totally involved with the minor child, engaging in many school activities, non-school activities such as girl scouting, in addition to nurturing and caring for the health of the minor child who is an insulin dependent diabetic.
"When Heather was asked (by Ms. Flower) about her father and her relationship with him she replied: `I'm afraid of him, I get nervous, I'm afraid he will take me away.' She got very nervous and quiet as she spoke about Mr. Charette."
Clear and convincing evidence indicates to the court that the following statutory grounds exist to terminate the Appellee's parental rights:
A. The minor child Heather Charette has been abandoned by her father, the Appellee, for a period of over one year in the sense that he has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the minor child.
B. There is no ongoing parent child relationship between Heather and her father as defined in C.G.S. Sec. 45-61f(f), and to allow further time for the establishment or reestablishment of the parent child relationship would be detrimental to the best interests of the child.
The evidence also clearly and convincingly establishes that it is in the best interest of the minor child that the Appellee father's parental rights be terminated. Considering all of the factors listed in C.G.S. Sec. 45a-717 (h), the evidence proves that (1) the Appellee did not seek any services from any agency to facilitate his reunion with the minor child and therefore he received no services, (2) there are no applicable court orders, (3) the minor child has an extremely close bond with her mother and has only fear and anxiety concerning the Appellee, (4) the minor child is twelve years old, has not seen nor heard from her CT Page 13029 father since the probate hearing in 1993, had minimal contact with the Appellee prior thereto, and has received secure and consistent nurturing from her mother, the Appellant, (5) the Appellee father has made no effort to adjust his circumstances in order to make it in the best interest of the minor child to reside with her or even visit with her and has had no significant contact with the minor child or the mother since 1987, and (6) that no unreasonable act of the Appellant mother or other person had prevented the Appellee from maintaining a reasonable relationship with the minor child.
Accordingly, the court approves the appellant's petition and hereby terminates all parental rights of Gary Charette in and to the minor child, Heather Charette, born February 22, 1985.
Dorsey, J. Judge Trial Referee